AtkiNSON, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This is a suit of .a storekeeper-gauger in the Internal-Bevenue Service of the United States, who was appointed under the civil-service regulations by the Secretary of the Treasury to hold said office during good behavior and as the needs of the Internal-Eevenue Service required, at a salary not to exceed $5 per day.
The amount alleged to be due, as shown by the petition, is $8,380 for 676 working days, at $5 per day, from September *96 30, 1910, to December 1, 1912. During tbis period, however, it is not claimed by plaintiff that he rendered any service whatever to the United States as storekeeper-gauger, but he claims he was ready and willing to perform the duties of said office and was prevented from so doing by two internal-revenue collectors and the honorable Commissioner of Internal Eevenue by suspension from office and nonassignment to duty, which he contends were unlawful and unjustifiable acts.
It is shown by the findings that plaintiff was appointed a storekeeper-gauger in February, 1898, and was suspended from active duty by the Commissioner of Internal Eevenue September 10, 1910, under a charge of official misconduct filed against him by the collector of internal revenue of the sixth Indiana district,, under whom he was then serving. In his letter to plaintiff the commissioner, among other things, said:
“ I have therefore ordered your transfer to the fifth district of Illinois. The collector of this district has been directed to carefully supervise your work and deportment, and unless in future your conduct measures up to a high standard you will be recommended for summary dismissal.”
In conformity with the above order, plaintiff addressed a letter to the Illinois collector inclosing a bond, and asked for a duty assignment, and in reply was informed by him that he had no vacancy to which plaintiff could be assigned, nor does it appear that he was ever assigned to duty in said district. On February 20, 1912, the commissioner again wrote plaintiff, in part, as follows:
“For the purpose of avoiding further friction in your district, and as a measure of discipline, you were, on April 1, 1911, transferred to the fifth district of Illinois, but as the collector for that district did not avail himself of your services by assigning you to duty, you have been idle and without an assignment since the 1st day of October, 1910, a period of more than 16 months. It has been decided, therefore, to retransfer you to your own district, and the collector will be so advised and requested, in view of your long enforced idleness and the severity of the punishment inflicted upon you,, to assign you to duty as soon as possible,”
*97 In compliance with the above official statement, plaintiff was formally assigned to duty by the collector of the sixth internal-revenue district of Indiana on December 2, 1912, to which period per diem pay is claimed by plaintiff in this suit.
The question for the court to determine is whether the two revenue collectors and the Commissioner of Internal Revenue exceeded their authority under the statute authorizing employment, and the rules and regulations of the Internal-Revenue Department, in suspending a per diem employee of the Government, and failing thereafter to assign him to duty.
Section 3163, Revised Statutes, so far as it applies to this case, reads:
“Every supervisor * * * shall report in writing to the Commissioner of Internal Revenue any neglect of duty, incompetency, delinquency, or malfeasance in office of any internal-revenue officer of which he may obtain knowledge, with a statement of all the facts in each case and any evidence sustaining same. ITe may, by notice in writing, suspend from duty any inspector, gauger, or storekeeper, and he may suspend any collector for fraud or gross neglect of duty or abuse of power.”
It is provided in the act of August 15, 1876, 19 Stat. L., 152, which abolished the office of supervisors in the Internal Revenue Department, that “ * * * the powers of transfer and of suspension of officers conferred upon supervisors by section 3163 of the Revised Statutes are hereby vested in the Commissioner of Internal Revenue; and all other powers conferred and duties imposed upon supervisors are hereby conferred and imposed upon collectors of internal revenue within their respective districts.”
It appears to be necessary in the successful administration of the internal-revenue laws to keep in commission a larger number of storekeepers, gaugers, and storekeeper-gaugers than are ordinarily needed for continuous assignments to duty, and there is no legal obligation on the part of collectors or the Commissioner of Internal Revenue to guarantee continuous employment for said officials. As a matter of fact, it is shown by the record in this case that a large *98 number of faithful and efficient officers of these classes are therefore without employment and on waiting orders every year.
The statutes to which we have referred relative to the employment, assignment, transfer, and payment of officers of the classes herein involved are carefully digested and classified on pages 69 to 11 of the “ Compilation of Internal Revenue Laws,” 1911, which embody the authority of the statutes themselves (because they possess the authority of law) afford ample justification for the action of the commissioner in suspending the claimant and of the collectors and commissioner in declining to assign him to active employment after his reinstatement to the public service, which clearly show that plaintiff’s claim is without merit in law and can not be sustained.
Plaintiff’s able counsel cites several decisions of this court bearing upon suits of this character, but neither of them is this case, and consequently they are not controlling.
It follows that the petition must be dismissed, which is accordingly ordered, and judgment is entered for the United States.